UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LAWRENCE FAUNTLERY,

                                      **MEMORANDUM AND ORDER**

            Plaintiff,                              13-CV-4721 (RRM)(LB)

      -against-

UNITED STATES PAROLE COMMISSION;
UNITED STATES PROBATION OFFICE;
NATIONAL APPEALS BOARD,

            Defendants.
------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge:

      On August 19, 2013, *pro se* plaintiff Lawrence Fauntlery filed this complaint alleging due process violations in connection with a decision of the United States Parole Commission to continue his parole. (*See* Compl. (Doc. No. 1).) The same day, plaintiff moved for leave to proceed *in forma pauperis*. (Doc. No. 2.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, plaintiff is granted leave to submit an amended complaint within thirty (30) days of the date of this Memorandum and Order.

## STANDARD OF REVIEW

      Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the

1

claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). This rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quoting *Twombly,* 550 U.S. at 555). A pleading that merely offers "labels and conclusions or a formulaic recitation of the elements of a cause of action" does not state a claim for relief that is plausible on its face. *Id.* (quoting *Twombly*, 550 U.S. at 555 (quotations omitted)).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). "In addition to liberally construing pro se complaints, a district court should not dismiss a pro se complaint without granting the plaintiff leave to amend if a liberal reading of the complaint gives any indication that a valid claim might be stated." *Andersen v. Young & Rubicam Adver.*, 487 F. App'x. 675, 676 (2d Cir. 2012) (quotations omitted).

## DISCUSSION

Plaintiff's complaint is far from a model of clarity. As best as the Court can discern, it appears that plaintiff is alleging that on or about May 31, 2013, the United States Parole Commission issued a decision which continues plaintiff's parole supervision. (Compl at 2 ¶ 8.) Plaintiff alleges that the Commission's decision was arbitrary and capricious and violated his due process rights. (*See id*. at 1.) As relief, he seeks, among other things, to be taken off parole supervision and to receive a reduction of his sentence. (*See* Compl. at 7.) However, plaintiff fails to provide any facts regarding his underlying criminal offense, the court which issued his judgment of conviction, the date that he became eligible for parole, and any subsequent parole hearings. Without additional facts the Court and defendants are unable to determine if plaintiff has a valid claim.

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint. Should plaintiff elect to file an amended complaint, plaintiff must provide the date of his underlying conviction, the court which issued the judgment of conviction, when he became eligible for parole, and what process he has received in connection with his alleged parole eligibility. Plaintiff should attach any documentation to support his claim, if available. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order.

## CONCLUSION

As set forth above, plaintiff is granted 30 days from the date of this order to submit an amended complaint. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this

order, the Court shall dismiss this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to the plaintiff and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       September 25, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge